(No. 44491.—

NANCY K. ARNOLT, Appellant, v. THE CITY OF HIGHLAND PARK *et al.,* Appellees.

*Opinion filed April 17, 1972.*

PAUL E. HAMER, of Northbrook, for appellant.

QUERREY, HARROW, GULANICK & KENNEDY, of Waukegan (CHARLES F. SCOTT, of counsel), for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court:

In her second amended complaint, the plaintiff, Nancy K. Arnolt, sued the defendants, the City of Highland Park and Ralph Espinosa, a police officer of the city, in the circuit court of Lake County, for injuries she sustained while riding in a car which collided with a police vehicle being driven by Espinosa. This complaint contained six counts: Count I was against both Espinosa and the city, alleged willful and wanton misconduct, and stated that it was based upon the Tort Immunity Act (Ill.Rev.Stat. 1969, ch. 85, par. 1–101 *et seq.*). Count II was against Espinosa only, alleged that, while in the performance of

his duties, he was guilty of ordinary negligence and stated that it was based upon the Illinois Municipal Code (Ill.Rev.Stat. 1969, ch. 24, par. 1—4—6). Count III was against Espinosa only, alleged ordinary negligence, and stated that it was based upon the common law. Count IV was against both Espinosa and the city, alleged willful and wanton misconduct and sought a declaratory judgment that section 2—202 of the Tort Immunity Act, which provides that a public employee is not liable except for willful and wanton negligence when in the execution or enforcement of any law, was unconstitutional. Count V was against Espinosa only, alleged willful and wanton misconduct, and stated that it was based upon the Illinois Municipal Code (Ill.Rev.Stat. 1969, ch. 24, par. 1—4—6). Count VI was against Espinosa only, alleged willful and wanton misconduct and was based upon the common law.

The trial court entered an order striking all of Counts II and III, the counts based upon ordinary negligence; striking certain paragraphs of Counts I, V and VI, which the trial court deemed also to have alleged ordinary negligence; and striking the paragraph of Count IV which alleged the unconstitutionality of section 2—202 of the Tort Immunity Act. The trial court thus struck all portions of the complaint bearing upon ordinary negligence. The trial proceeded on the counts alleging willful and wanton misconduct, and the court found the defendants not guilty. This appeal is from the order dismissing the negligence counts.

The plaintiff challenges the constitutionality of section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill.Rev.Stat. 1969, ch. 85, par. 2—202) and the meaning and interpretation to be given to it and to the indemnity provisions of the Illinois Municipal Code (Ill.Rev.Stat. 1969, ch. 24, pars. 1—4—5, 1—4—6). Other peripheral issues are raised regarding the liability of the defendants.

The Tort Immunity Act is the legislative result of our

decision in *Molitor v. Kaneland Community Unit Dist. (1959), 18 Ill.2d 11,* and *Harvey v. Clyde Park Dist. (1965), 32 Ill.2d 60.* The Act adopts the *Molitor* rule of liability of public entities and specifies exceptions thereto which apply uniformly to governmental entities to obviate the constitutional deficiency we noted in *Harvey.* Section 2—202 of the Act provides: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence." Section 2—109 of the Act provides: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Thus, a public entity, under the Act, is not liable for an injury except where its employee is liable; and, in the case of an act or omission in the execution or enforcement of any law, the employee is not liable unless his conduct is willful and wanton.

At the same time, under the indemnity provisions of the Illinois Municipal Code, the public entity shall indemnify a policeman for any judgment recovered against him for an injury to the person or property of another while he "is engaged in the performance of his duties as a policeman, *** except where the injury results from the wilful misconduct of the policeman." (Ill.Rev.Stat. 1969, ch. 24, pars. 1—4—5, 1—4—6.) Under the Tort Immunity Act, liability is imposed upon the public employee and the entity for injuries to the person and property of a third party where the employee's conduct is willful and wanton, and under the Muncipal Code, indemnification is afforded a police officer by the public entity only where his conduct is negligent and not willful and wanton. See: *Mills v. County of Winnebago (1969), 104 Ill.App.2d 366, 374-379* (dissent); Baum, Tort Liability of Local Governments and Their Employees: An Introduction to the Illinois Immunity Act, 1966 U. Ill. L. Forum 981, 1010.

While the two legislative schemes do not seem totally compatible, they can, and should, be given an interpreta-

tion which imparts meaning and constitutionality to each enactment. *(Country Mutual Insurance Co. v. Knight (1968), 40 Ill.2d 423, 426; People ex rel. Moss v. Pate (1964), 30 Ill.2d 271, 274.)* The Tort Immunity Act and section 2—202 thereof deal with the questions of liability and immunity. The indemnity provision of the Illinois Municipal Code pertains to an indemnification by the municipal entity. It neither imposes liability upon, nor grants immunity to a municipality. It prescribes only when a public entity will indemnify a policeman for a judgment rendered against him.

Part 1 of article II of the Tort Immunity Act deals with the subject of "Immunity of Local Public Entities." In section 2—109, it is specified that a public entity is liable for an injury resulting from an act or omission of its employee only where the employee is liable. This part also makes specific reference to the Illinois Municipal Code, but not to sections 1—4—5 or 1—4—6. Section 2—101 of the Tort Immunity Act states in part: "Nothing in this act affects the liability, if any, of a local public entity or public employee, based on: *** e) Section 1—4—7 of the 'Illinois Municipal Code', approved May 29, 1961, as heretofore or hereafter amended." Section 1—4—7 of the Illinois Municipal Code deals specifically with "liability" for injuries to third persons occasioned by the removal or destruction of buildings by public employees. It is not an indemnity statute.

Part 3 of article II of the Tort Immunity Act covers the subject of "Indemnification of Public Employees." It specifically refers to the section of the Illinois Municipal Code here in question by stating in section 2—301: "Nothing in this Part 3 relieves a local public entity of its duty to indemnify or insure its employees as provided in Sections 1—4—5 and 1—4—6 of the 'Illinois Municipal Code', approved May 29, 1961, as now or hereafter amended ***."

Sections 1—4—5 and 1—4—6 of the Illinois Municipal

Code do not impose *liability* upon a municipal entity in the event a policeman, while engaged in the performance of his duties, negligently injures another. Under such circumstances, these sections are concerned with the question of indemnity by the entity, rather than its liability and immunity; and the liability of the municipality is not direct, but rather is secondary to that of the erring policeman.

Further, section 2—202 of the Tort Immunity Act provides immunity where the public employee commits an act or omission while actually "in the execution or enforcement of any law," unless such act or omission constitutes willful and wanton negligence. Such provision would not necessarily include all the activities of such employee during all of his hours of duty, be he a building inspector or a policeman. To construe this section as affording immunity from liability, except for willful and wanton negligence, during all the time a public employee is on duty, is unwarranted by the language used by the legislature. The words, "in the execution or enforcement of any law," should be given their plain and commonly ascribed meaning. *(Droste v. Kerner (1966), 34 Ill.2d 495, 503.)* The immunity granted a public employee for his negligent acts extends only to the act or omission done while in the actual execution or enforcement of a law and not to every act or omission done while on duty as a public employee.

We find no merit in the plaintiff's contention that the words, "in the execution or enforcement of any law," are so vague and uncertain as to render the statute unconstitutional. It is only where the language is so vague that courts cannot, by accepted rules of construction, with any reasonable degree of certainty, determine the legislative intent, that such statute is void. *Bell v. School Dist. No. 84 (1950), 407 Ill. 406, 413.*

From the foregoing, it should be apparent that there are situations where a public employee does not obtain

immunity under section 2—202, and is afforded indemnity for a judgment recovered against him under sections 1—4—5 or 1—4—6 of the Illinois Municipal Code. The indemnity provisions, applicable to a policeman under the Illinois Municipal Code, cover all such times as he "is engaged in the performance of his duties as a policeman." (See: *Karas v. Snell (1957), 11 Ill.2d 233, 250-253.*) A policeman, while merely cruising in a vehicle in the line of duty, may not be afforded immunity under the Tort Immunity Act in that the factual determination of the situation may indicate that he was not at the time executing or enforcing a law. At the same time, the policeman being engaged in the performance of his duties might receive indemnity under the Illinois Municipal Code. In view of the foregoing provisions, we conclude that in the event a policeman is granted immunity under section 2—202 of the Tort Immunity Act, the municipality may not be subjected to liability by virtue of the provisions of sections 1—4—5 and 1—4—6 of the Municipal Code. If there is no liability upon the policeman in the first instance because of the immunity statute, there is no duty to indemnify under the indemnity statute. To this extent, the two statutes insofar as they are *in pari materia* can be construed together. *Spring Hill Cemetery v. Ryan (1960), 20 Ill.2d 608, 615.*

The plaintiff also contends that section 2—202 of the Tort Immunity Act constitutes special legislation in contravention of the Illinois constitution in that it applies to only particular governmental employees, presumably law-enforcement officers. The section, however, clearly applies to any and all public employees, and any act or omission by them in the execution or enforcement of any law. The classification is in terms of the type of municipal function performed by the employees, rather than a classification among different governmental agencies that perform the same function. Such classification has a rational basis and is valid. *Harvey v. Clyde Park Dist. (1965), 32 Ill.2d 60, 64, 67.*

As we have indicated, no direct liability was created against the City of Highland Park for ordinary negligence under the provisions of the Illinois Municipal Code. Section 1—4—6 of the Code provides for indemnification of the policeman by the municipal entity in the event that a judgment is obtained against him for his negligent act while he is engaged in the performance of his duties as a policeman and without the contributory negigence of the injured party. Until such judgment is obtained no action, other than a possible third party action by the policeman, will lie against the municipal entity. The liability of the municipal entity is an indemnifying rather than a direct liability. *(Karas v. Snell (1957), 11 Ill.2d 233, 244-250; Andrews v. City of Chicago, 70 Ill.App.2d 202, affirmed, 37 Ill.2d 309; Vechiola v. City of Chicago (N.D. Ill. 1965), 244 F.Supp. 45;* Ill.Rev.Stat. 1969, ch. 24, par. 1—4—6.) Further, this provision of the Illinois Municipal Code does not create a liability on the part of the policeman. Thus, Count II and all of Count V of the second amended complaint, wherein Espinosa was the sole defendant and which were based on the provisions of the Municipal Code, should have been dismissed.

However, the court erred in striking all allegations of negligence in the complaint in that the plaintiff did allege that the defendant policeman committed the act in question while "not in the execution or enforcement of any law." The plaintiff thus sought to avoid the immunity provisions of section 2—202 of the Tort Immunity Act, which would grant immunity if the policeman had committed only ordinary negligence while "in the execution or enforcement of any law." The court based its dismissal order upon the mistaken conclusion that when on duty a police officer is *ipso facto* engaged "in the execution and enforcement of any law." Whether a police officer is so engaged or "is engaged in the performance of his duties as a policeman" is a factual determination which must, in every case, be made in the light of the circumstances involved. The counts of the complaint were

not subject to dismissal upon this ground. *Karas v. Snell (1957), 11 Ill.2d 233, 252, 253.*

The parties went to trial upon the willful and wanton counts, and the trial court made specific findings that the plaintiff was guilty of contributory negligence and the defendant policeman was not guilty of ordinary negligence. The defendants suggest that in view of these findings the counts sounding in negligence were properly dismissed.

The contention is as unique as the findings of the trial court. It is difficult to ascertain how or why the trial court would make such findings when such issues were not preserved for its consideration by the pleadings which were not stricken *(Abbate Bros., Inc. v. City of Chicago (1957), 11 Ill.2d 337, 346; Stowell v. Satorius (1952), 413 Ill. 482, 490)*, and when only the issues as to willful and wanton misconduct remained for the court to decide. The findings of the trial court as to contributory negligence and negligence have no vitality.

From the pleadings herein, it appears that the plaintiff can state a valid cause of action based on negligence, but because of the nature of the proceedings below she was not afforded an opportunity to do so. Accordingly, the order of the trial court, which in essence struck all allegations relating to ordinary negligence, is reversed. The cause is remanded with directions that the plaintiff be given leave to further amend her complaint relative to this theory, and for further proceedings not inconsistent with the views expressed herein.

*Affirmed in part and reversed in part and remanded, with directions.*