(No. 61064.—

FANNIE THOMPSON, Appellee, v. THE CITY OF
CHICAGO *et al.*, Appellants.

*Opinion filed October 18, 1985.*

430

GOLDENHERSH, J., concurring in part and dissenting in part.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein and Robert J. Dargis, of counsel), for appellants.

John Bernard Cashion and Martin B. Forbes, of Chicago, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Fannie Thompson, brought suit in the circuit court of Cook County to recover for injuries sustained when she was struck by an unmarked police car driven by Thomas J. Daley. Both Daley and the city of Chicago were named as defendants. Defendants raised as a defense sections 2—202 and 2—109 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, pars. 2—202, 2—109). Section 2—202 provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence," while section 2—109 provides that "[a] local public entity is not liable for

an injury resulting from an act or omission of its employee where the employee is not liable."

At the close of the evidence defendants moved for a directed verdict, arguing that the evidence mandated a finding of immunity under section 2—202. Plaintiffs also moved for a directed verdict solely on the issue of section 2—202 immunity. The trial court denied defendants' motion, but granted plaintiff's motion, finding as a matter of law that Daley was not engaged in the execution or enforcement of any law when the accident occurred. The jury was so instructed and the case was submitted to the jury on an ordinary-negligence theory. The jury found for plaintiff, and a divided appellate court affirmed (128 Ill. App. 3d 59). We granted defendants' petition for leave to appeal.

Two issues are presented for review: (1) Was it proper to grant plaintiff a directed verdict on the issue of section 2—202 immunity? and (2) Should defendants be granted a directed verdict on the section 2—202 issue?

The facts relevant to this appeal are adduced mainly from the testimony of defendant Daley. Daley testified that on November 30, 1979, he was on patrol at a rock concert held at the International Amphitheater in Chicago. Daley and his partner, Ralph White, noticed an unruly crowd of teenagers near one of the gates to the Amphitheater. The teenagers appeared to be attempting to break into the stadium, and the officers saw two people who appeared to be Andy Frain ushers near the gate where the crowd was congregated. Concerned for the safety of the ushers and for the stadium property, Officer White radioed for assistance while Daley activated the car's siren and began to move the car slowly forward in an attempt to disperse the crowd. The teenagers, however, began pelting their car with bottles, rocks, and debris. As they came under attack Daley placed the

car in reverse and drove backwards about 30 feet. He testified that he did not intend to abandon the ushers but merely wanted to get out of the range of the thrown objects. While backing up, the car struck the plaintiff.

Daley's testimony was corroborated in all respects by Officer White. His description of the disturbance was also corroborated by two Andy Frain ushers who witnessed the disturbance from an automobile in the Amphitheater parking lot. Both ushers saw bottles and other objects being thrown, and one usher described the disturbance as "a little riot." In addition, Officer Joseph Botwinski, who arrived on the scene in response to Officer White's call for assistance, testified that he saw objects being thrown at Daley's car. Some objects were also thrown at Botwinski's car.

Plaintiff's own testimony did not contradict Daley's description of the incident, and in fact partially corroborated Daley. Plaintiff, along with her two daughters, a granddaughter, and another woman, had taken a taxicab to the Amphitheater. They intended to go to a leather-coat sale held in the Amphitheater building, but when they reached the stadium plaintiff noticed a number of teenagers "running" in the parking lot. Although she did not hear a siren or see objects being thrown, she admitted that the disturbance caused her to fear for her safety, enough so that she abandoned her plans to attend the coat sale. She was attempting to move to safety when she was struck from behind by the Daley automobile.

There is only one case to date in which this court has considered the scope of the immunity conferred by section 2–202. In *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, the trial court had dismissed allegations of negligence against police officers, assuming that a police officer is protected by section 2–202 whenever the officer is on duty. This court disagreed, holding section 2–

202 immunity extends only to negligence while in the actual execution or enforcement of a law. (52 Ill. 2d 27, 33.) The words "in the execution or enforcement of any law" must be given their "plain and commonly ascribed meaning." (52 Ill. 2d 27, 33.) The determination depends upon the factual circumstances in each case. 52 Ill. 2d 27, 35.

In the present case plaintiff concedes that Officer Daley was enforcing the law when he moved his car forward in an attempt to disperse the crowd. She argues, however, and the courts below agreed, that when Daley reversed the car he automatically ceased to be engaged in enforcing the law. We disagree with this conclusion. Enforcing the law is rarely a single, discrete act, but is instead a course of conduct. When a police officer engaged in enforcing the law comes under attack the officer does not necessarily cease to be enforcing the law merely because he or she attempts to maneuver out of range of the attack.

Plaintiff further argues that no immunity should exist because the instrumentality causing the injury—the automobile—was not itself being used to enforce the law at the time of the accident. However interesting this argument may be, it finds no support in the statutory language. Section 2—202 says that public employees are immune from liability for their negligent acts or omissions whenever the employee is executing or enforcing the law; the provision makes no exception for cases where the instrumentality causing the injury is not itself being used to enforce the law. Whether or not the Daley automobile was being used as a tool to enforce the law at the time of the accident is irrelevant to the question of whether Daley himself was engaged in enforcing the law at the time of his alleged negligence.

There is no evidence in the record that would even remotely suggest that Officer Daley, in reversing the au-

tomobile, intended to abandon his attempt to enforce the law. The evidence is uncontradicted that the reversal of the car was merely a tactical retreat, part of a course of conduct continuously directed toward preventing or remedying a breach of the peace. The directed verdict below in favor of the plaintiff was granted and affirmed due to the lower courts' overly narrow construction of section 2—202. When section 2—202 is properly construed, it becomes evident that a directed verdict should, in fact, have been granted in favor of defendants. A directed verdict must be granted when the evidence, viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.

Accordingly, we reverse the judgments of the appellate and circuit courts and remand this cause to the circuit court of Cook County with directions to enter a directed verdict in favor of defendants.

*Reversed and remanded,*
*with directions.*

JUSTICE GOLDENHERSH, concurring in part and dissenting in part:

I agree with that part of the opinion which holds that the circuit court erred in directing a verdict on the issue of section 2—202 immunity. I dissent, however, because I am of the opinion that the majority has erred in holding that there should have been a verdict directed in favor of defendant. On this record, the evidence of Officer Daley's withdrawal to a point 30 or 40 feet distant from the center of the activity presented a question of fact whether he was engaging in the execution or enforcement of any law or withdrawing from the scene until reenforcements arrived. The officer's testimony concerning his intentions is of no value, and there is, of course,

no source of evidence other than his conduct to refute his statements.

In view of the evidence, it was the province of the jury to determine whether, at the time, the officer was departing the scene, or merely executing a maneuver in the course of executing or enforcing a law.