PATRICIA AIKENS, Plaintiff-Appellee, v. EUGENE MORRIS *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—89—0844

Opinion filed June 29, 1990.—Rehearing denied July 31, 1990.

BILANDIC, J., dissenting.

Dowd & Dowd, Ltd., of Chicago (Robert C. Yelton III and Philip J. McGuire, of counsel), for appellants.

Beerman, Swerdlove, Woloshin & Barezky, of Chicago (Michael A. Burr, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff brought this action to recover damages she incurred when her automobile was struck by a squad car driven by an Evanston police officer. After a bench trial, she was awarded judgment in the amount of $13,000. Defendants appeal on the ground that liability was precluded by sections 2—202 and 2—109 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act or Act) (Ill. Rev. Stat. 1979, ch. 85, pars. 2—202, 2—109). We affirm.

On July 1, 1979, at approximately 2:45 a.m., Evanston police officer Eugene Morris and his partner were transporting a prisoner from the Skokie lockup to the Evanston lockup in their squad car. Before reaching their destination, they collided with plaintiff's automobile. Defendants do not contend that the patrol car was being operated as an emergency vehicle at the time of the accident. In the first count of her complaint, plaintiff charged Morris with negligent driving and sought to impose liability upon the City of Evanston (the City) under a *respondeat superior* theory. Count II asserted that Morris' actions amounted to willful and wanton misconduct, for which both defendants are liable.

A bench trial was held on February 24, 1989, and at the close of plaintiff's case, defendants moved for a finding on the ordinary negligence claim, arguing that since Morris was involved in the transport of an arrestee in custody at the time of the occurrence, sections 2—202 and 2—109 of the Tort Immunity Act foreclose liability for ordinary negligence. The motion was denied on the ground that the officer was not enforcing or executing a law at the time of the accident. However, the judge later granted defendants' motion for a finding on count II, the willful and wanton misconduct count. The court found in favor of plaintiff on count I of the complaint, assessed damages at

$20,000, apportioned negligence 35% to plaintiff and 65% to defendants, and entered judgment in the amount of $13,000.

In this appeal, defendants contend that the trial court erred in holding that the Tort Immunity Act does not prohibit application of the ordinary care standard. Section 2—202 of the Act provides: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence." (Ill. Rev. Stat. 1979, ch. 85, par. 2—202.) Further, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." (Ill. Rev. Stat. 1979, ch. 85, par. 2—109.) Thus, if Morris is entitled to immunity pursuant to section 2—202, the City cannot be found liable.

In *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144, another police vehicle collision case, the supreme court on direct review reversed the trial court's holding that any action taken by a police officer while on duty is entitled to immunity under section 2—202. The court noted that only acts done "while in the actual execution or enforcement of a law" are entitled to immunity (52 Ill. 2d at 33, 282 N.E.2d at 147), and offered as an illustration that a police officer merely cruising in his car while in the line of duty may not be afforded immunity (52 Ill. 2d at 34, 282 N.E.2d at 148). After holding that the question of whether a police officer is executing and enforcing the law "is a factual determination which must, in every case, be made in the light of the circumstances involved" (52 Ill. 2d at 35, 282 N.E.2d at 149), the court remanded the case for further factfinding on the nature of the officer's conduct at the time of the accident.

Relying on *Arnolt*, the court in *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243, held that a pedestrian who was struck by a police officer transporting two prisoners in a squad car was not required to show willful or wanton negligence by the Tort Immunity Act. The court affirmed the trial judge's finding that "although Officer Vivrin was on duty and in the course of his employment at the time of the occurrence, he was not enforcing or executing any laws." 29 Ill. App. 3d at 977, 331 N.E.2d at 248.

Defendants dispute plaintiff's contention that *Arnolt* and *Anderson* require affirmance, arguing that these decisions have lost their vitality in light of more recent supreme court cases interpreting section 2—202. (*Fitzpatrick v. City of Chicago* (1986), 112 Ill. 2d 211, 492 N.E.2d 1292; *Thompson v. City of Chicago* (1985), 108 Ill. 2d 429, 484 N.E.2d 1086.) In *Thompson*, a police vehicle struck plaintiff while

backing up when an unruly mob began pelting the car with bottles, rocks, and debris. Plaintiff argued immunity was improper because when the officer reversed the car in an attempt to extricate himself, he ceased being engaged in enforcing the law. The court rejected this argument, holding that the policeman's action was a mere tactical retreat, and as such, was part of a continuing course of conduct intended to restore the peace. The court reasoned that "[e]nforcing the law is rarely a single, discrete act, but is instead a course of conduct." 108 Ill. 2d at 433, 484 N.E.2d at 1088.

The plaintiff in *Fitzpatrick* was involved in an automobile accident on an expressway, and a police officer in a squad car stopped nearby to investigate. Another car struck the patrol car, causing it in turn to strike the plaintiff. The supreme court rejected plaintiff's argument that the Tort Immunity Act did not apply:

> "Thus, where the evidence establishes that at the time of his alleged negligence a public employee was engaged in a course of conduct designed to carry out or put into effect any law, an affirmative defense based upon sections 2—202 and 2—109 of the Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, pars. 2—202, 2—109) should be available to the governmental employee and his employer." (*Fitzpatrick*, 112 Ill. 2d at 221, 492 N.E.2d at 1296.)

The court specifically noted that plaintiff relied on *Arnolt* and *Anderson* in arguing that the Act did not apply, but found these cases were inapposite given the relatively strong link to the enforcement of traffic laws present in *Fitzpatrick*.

Defendants here suggest *Thompson* and *Fitzpatrick* have implicitly overruled *Arnolt*. We find no warrant for this contention. In both of these more recent decisions, there was a clear and unmistakable nexus between the conduct of the police officer and the investigation or prevention of an ongoing criminal offense. Such circumstances contrast sharply with an accident involving the cruising patrol car hypothesized by *Arnolt* or the transportation of prisoners as seen in *Anderson* and in this case. Accordingly, we believe that *Thompson* and *Fitzpatrick* do not support the City's position, as both cases are distinguishable on their facts.

■ Moreover, traditional principles of statutory construction preclude our giving to this case the broad reading advocated by defendants; having been promulgated in derogation of the common law, the Tort Immunity Act must be strictly construed against defendants. (*Lester v. Chicago Park District* (1987), 159 Ill. App. 3d 1054, 513 N.E.2d 72; *Clark v. City of Chicago* (1980), 88 Ill. App. 3d 760, 410

N.E.2d 1025.) The deceptively broad language used in *Fitzpatrick* cannot be isolated from its proper context and made to serve as a bar to lawsuits against municipal police officers whenever the act complained of is connected with their more routine job duties.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

DiVITO, P.J., concurs.

JUSTICE BILANDIC, dissenting:

The majority concludes that an Evanston police officer transporting a prisoner who is under arrest, from the Skokie lockup to the Evanston lockup at 2:45 a.m., is not engaged "in the execution or enforcement of any law" and, therefore, cannot invoke section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act. To reach this conclusion the majority erroneously states that the court in *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243 held "that a pedestrian who was struck by a police officer transporting two prisoners in a squad car was not required to show willful or wanton negligence by the Tort Immunity Act. The court affirmed the trial judge's finding that 'although Officer Vivrin was on duty and in the course of his employment at the time of the occurrence, he was not enforcing or executing any laws.' " 201 Ill. App. 3d at 406, quoting *Anderson*, 29 Ill. App. 3d at 977.

On the contrary, in *Anderson*, there is no reference to any arrest or the destination of any prisoners. In the case at bar, the defense vigorously asserts that the transportation of a prisoner under arrest at 2:45 a.m. is the "execution or enforcement" of the law which supports tort immunity for the officer. In *Anderson* the defense did not assert that Officer Vivrin was engaged in the transport of two prisoners when his squad car and plaintiff, a pedestrian, were involved in an accident. The court held that

> "*defendants' argument is directed primarily toward the issue of contributory negligence.* \*\*\* The fact that two police officers testified that plaintiff was not in the crosswalk and that she turned back into the car does not, of itself, show that the decision for plaintiff was against the manifest weight of the evidence. Plaintiff's testimony that she was in the crosswalk was corroborated expressly by Johnnie Mae Thomas and inferentially by Officer Mugnolo. The trial judge saw and heard the

witnesses and we are unable to state that his judgment is against the manifest weight of the evidence." (Emphasis added.) *Anderson*, 29 Ill. App. 3d at 975.

It is therefore wrong to assert that *Anderson* stands for the principle that the transportation of a prisoner under arrest at 2:45 a.m. by a police officer is not the "execution or enforcement" of any law that would support tort immunity for the officer.

The majority states that *Anderson* relied on *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144. In *Arnolt*, the court used a hypothetical illustration in deciding an issue dealing with pleadings. The example stated "[a] policeman, while merely cruising in a vehicle in the line of duty, may not be afforded immunity under the Tort Immunity Act in that the factual determination of the situation *may* indicate that he was not at the time executing or enforcing a law." (Emphasis added.) (52 Ill. 2d at 34.) Even if this is not *dicta*, the court did not say that "cruising in a vehicle while on duty" is not "executing or enforcing a law" that would not afford immunity. The court merely said that under the example it "may" or may not be an act of "executing or enforcing a law." The court obviously recognized that there is a factual difference between cruising in the vicinity of the county jail immediately after two convicted murderers escaped and cruising in a crime-free residential area.

In my opinion, the majority continues to interpret section 2—202 in the narrowest possible manner, contrary to recent decisions of our supreme court broadening the protection afforded to police officers against liability for negligent acts committed while carrying out and upholding the law.

*Fitzpatrick v. City of Chicago* (1986), 112 Ill. 2d 211, 492 N.E.2d 1292, and *Thompson v. City of Chicago* (1985), 108 Ill. 2d 429, 484 N.E.2d 1086, are recent pronouncements of our supreme court that the narrow construction the courts placed upon section 2—202 in cases such as *Anderson* and *Arnolt* will no longer be accepted.

In *Thompson*, our supreme court expressed the view that "[e]nforcing the law is rarely a single, discrete act, but is instead a course of conduct." (108 Ill. 2d at 433.) Approximately one year later, our supreme court commented on this new attitude toward section 2—202 when it decided *Fitzpatrick*:

"[In *Thompson*] [w]e expressed the view that an interpretation of section 2—202 of the Tort Immunity Act *** which granted immunity only where the specific, allegedly negligent act was one of execution or enforcement was 'overly narrow.' [Citation.] Thus, where the evidence establishes that at the time of

his alleged negligence a public employee was engaged in a course of conduct designed to carry out or put into effect any law, an affirmative defense based upon sections 2—202 and 2—109 of the Tort Immunity Act [citation] should be available to the governmental employee and his employer." *Fitzpatrick v. City of Chicago* (1986), 112 Ill. 2d 211, 221, 492 N.E.2d 1292.

The only fair reading of *Fitzpatrick* is that *Anderson* and the line of cases it represents are no longer good law. In *Trepachko v. Village of Westhaven* (1989), 184 Ill. App. 3d 241, 540 N.E.2d 342, *appeal denied* (1989), 127 Ill. 2d 642, the defendant police officer stopped a motorist for a traffic violation on a divided highway. The motorist stopped in the right-hand traffic lane and the officer directed him to move the car across the other lane to the median strip. During the movement, the car was struck by a motorcycle. The driver and passenger of the motorcycle suffered fatal injuries.

Their estates sued the village and the officers for damages caused by the negligence of the police officer.

Defendants contended that section 2—202 conferred immunity against the claims. This court affirmed the dismissal of the claims on the basis of *Fitzpatrick*. (*Trepachko*, 184 Ill. App. 3d at 247, 251.) Our supreme court denied leave to appeal.

*Trepachko* is particularly relevant because of a significant fact it has in common with the case at bar. In each case, the accident occurred during movement of a person under police control from one place to another. In *Trepachko*, the officer directed the person stopped for a traffic violation to drive from one side of the road to the other. In the case at bar, the officer was driving the squad car in which the prisoner was being transported to a lockup. Citing *Fitzpatrick*, this court held that the police officer in *Trepachko* was immune from liability under 2—202 of the Tort Immunity Act and noted that the concept of immunity is expanding where police officers are "providing police services [citations] or executing, enforcing or implementing any law. [Citations.]" *Trepachko*, 184 Ill. App. 3d at 247.

Based on the foregoing, I would reverse the judgment of the circuit court of Cook County and remand this cause with directions to enter judgment for the defendants.