ANGELA SIMPSON, a Minor, by and Through her Parents and Next Friends, Gloria Simpson *et al., et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—89—2883

Opinion filed July 14, 1992.—Rehearing denied September 16, 1992.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Richard B. Rogich, and David A. Novoselsky, of counsel), for appellants.

Kelly Welsh, Corporation Counsel (Robert Drummond and Jennifer Duncan-Brice, Assistant Corporation Counsel, of counsel), and Coffield, Ungaretti, Harris & Slavin (Brian L. Crowe and J. Timothy Eaton, of counsel), both of Chicago, for appellees.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiffs, Angela Simpson and her parents, Gloria and Kenneth Simpson, appeal from an order of the circuit court granting summary judgment for defendants. Plaintiffs argue that the trial court erred in finding that defendant John Salmassi was protected from liability un-

der section 2—202 of the Local Governmental & Governmental Employees' Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, par. 2—202).

On June 29, 1986, 10-year-old Angela Simpson was seriously injured when her bicycle struck a police car driven by Chicago police officer John Salmassi. In September 1986, Angela and her parents filed suit against Salmassi and the City of Chicago (the City) alleging that Angela was injured as a result of Salmassi's negligence. In their answer, both Salmassi and the City denied any liability for Angela's injuries.

Salmassi appeared for a deposition on September 24, 1987. Salmassi testified that on the day of the accident he had been writing parking tickets near 5200 North Kenmore in Chicago, when he received a call from the dispatcher about a missing person at 1020 West Ardmore. Salmassi stated that he was on his way to that address when the collision occurred. Salmassi further stated that the call was not an emergency, his lights and siren were not on and he was not driving over the speed limit.

Subsequently, defendants filed an amended answer and affirmative defense and a motion for a partial summary judgment. Relying on Salmassi's deposition testimony, defendants argued that Salmassi was immune from liability because he was engaged in the enforcement and execution of the law at the time of the accident.

After a hearing, the trial court granted defendants' motion for summary judgment. In ruling for defendants, the court stated that "going to investigate a missing person [was] the type of a situation which would call for the immunity." This appeal followed.

■ Section 2—202 of the Tort Immunity Act provides that a "public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." (Ill. Rev. Stat. 1985, ch. 85, par. 2—202.) Generally, the question of whether a police officer is executing and enforcing the law is a factual determination which must be made in light of the circumstances involved. (*Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144.) However, the question may be decided as a matter of law where the evidence is undisputed or susceptible to only one possible interpretation. *Fitzpatrick v. City of Chicago* (1986), 112 Ill. 2d 211, 492 N.E.2d 1292.

■ In the present case, plaintiffs contend that Salmassi's deposition testimony established that at the time of the accident he was engaged in routine patrol duties: responding to a nonemergency call from the dispatcher. Plaintiffs argue that, therefore, the trial court

erred in finding that, as a matter of law, Salmassi was engaged in the execution or enforcement of a law. We agree.

In *Arnolt*, the supreme court held that section 2—202 does not provide immunity for all the activities of a public employee during all the hours he is on duty. Rather, the supreme court stated that the immunity extends to only those acts or omissions done while in the actual execution or enforcement of a law. (*Arnolt*, 52 Ill. 2d at 33.) The supreme court recently reaffirmed this holding in *Aikens v. Morris* (1991), 145 Ill. 2d 273, 583 N.E.2d 487.

In *Aikens* the supreme court upheld this court's ruling that the Tort Immunity Act did not bar a plaintiff from recovering for injuries incurred when her car was struck by a squad car as it was transporting a prisoner to a police department lockup. The supreme court agreed with our conclusion that transporting an arrestee did not constitute execution or enforcement of the law. See *Aikens v. Morris* (1990), 201 Ill. App. 3d 404, 559 N.E.2d 63; see also *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243 (holding that an officer who was transporting two prisoners when his car struck the plaintiff was not enforcing or executing any laws).

Here, at the time of the accident, Salmassi was responding to a call from a dispatcher about a missing person. Salmassi stated that he did not consider the call an emergency and there was no indication that any crime had been committed or that any law required execution or enforcement.

Defendants contend that Salmassi was executing the law at the time of the accident because he was required by law to fill out a missing persons report. However, as the supreme court noted in *Aikens*:

> "[V]irtually every police function or duty is pursuant to some legal authorization in the broadest sense. [Citation.] Arguably, then the performance of any task while on duty is in enforcement or execution of the law. We do not believe, however, as we have previously stated, that the legislature intended such a result." (*Aikens*, 145 Ill. 2d at 285.)

Thus, it is apparent that the fact that Salmassi's activities were governed by some legal requirement is insufficient to raise them to the level of executing or enforcing the law. That such a conclusion is warranted is even more apparent when Salmassi's activities are contrasted with the activities of the officers involved in those cases where the Tort Immunity Act was found to be applicable. *Fitzpatrick v. City of Chicago* (1986), 112 Ill. 2d 211, 492 N.E.2d 1292; *Thompson v. City of Chicago* (1985), 108 Ill. 2d 429, 484 N.E.2d 1086; *Trepachko v. Village of Westhaven* (1989), 184 Ill. App. 3d 241, 540 N.E.2d 342.

In *Fitzpatrick*, the officer was investigating an automobile accident when his squad car was struck by another car causing it to strike the plaintiff. In *Thompson*, the officer was attempting to break up an unruly crowd when he backed his squad car into the plaintiff. And in *Trepachko*, after stopping an individual on a highway for a traffic violation, the officer directed the individual to drive his car across several lanes of traffic toward the median strip; as the individual was doing so, he struck a motorcycle killing its two passengers.

We believe the activities of Salmassi bear more similarity to the activities of the officers in *Aikins* and *Anderson* than to those of the officers in *Fitzpatrick, Thompson* and *Trepachko*. For this reason, we find that the trial court erred in finding that Salmassi was executing and enforcing the law at the time of the accident. Accordingly, the trial court's entry of summary judgment in favor of defendants is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

SCARIANO and DiVITO, JJ., concur.