VIVIAN VINES, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.—(John Goetz, Defendant.)

First District (3rd Division)   No. 81—782

Opinion filed December 8, 1982.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellant.

Jesmer and Harris, of Chicago (Al Wiederer and Charles E. Tannen, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

This personal injury action filed by the plaintiff, Vivian Vines, sought recovery against the defendants, the city of Chicago (the City) and John Goetz, a Chicago police officer, for injuries she suffered on January 31, 1975, after being shot by Goetz. The jury returned a verdict in favor of the plaintiff against the City and awarded the plaintiff $13,800 and in favor of Goetz against the plaintiff. Special interrogatories completed by the jury stated that the City and Goetz were not guilty of wilful and wanton conduct; that the plaintiff was free from

contributory negligence; and that the City failed to exercise ordinary care. The City filed a post-trial motion seeking a judgment notwithstanding the verdict or a new trial. A new trial was ordered on July 18, 1980, but that order was vacated and judgment on the jury verdict was reinstated on February 26, 1981. The City appeals.

The parties do not dispute the fact that the plaintiff was injured by Officer Goetz while he was responding to a report of an armed robbery and kidnaping in progress. There also is no dispute as to the damage award of $13,800. The sole issue raised in this appeal is whether in accordance with the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (Ill. Rev. Stat. 1973, ch. 85, pars. 1—101 to 10—101) a municipality can be liable for injuries caused by its employee absent a finding that the employee is liable.

■ Section 2—202 of the Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 2—202) provides that a public employee is not liable for his actions in the execution or enforcement of any law unless the employee's conduct is wilful and wanton. Section 2—109 (Ill. Rev. Stat. 1973, ch. 85, par. 2—109) provides that a public entity is not liable for any injury resulting from an employee's action where the employee is not liable. As it is undisputed that Officer Goetz was executing or enforcing a law at the time the plaintiff was injured, and since the jury found that Goetz was not guilty of wilful and wanton conduct, both the officer and the City were immune from liability for the plaintiff's injuries caused by Goetz. See, *e.g., Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144; *Glover v. City of Chicago* (1982), 106 Ill. App. 3d 1066, 436 N.E.2d 623; *LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 355 N.E.2d 70.

■ The plaintiff contends, however, that the City is liable to her for negligent actions not attributable to Officer Goetz. In her amended complaint, the plaintiff alleged:

"2. That at said time and place defendant JOHN [GOETZ], an employee, agent and servant of the defendant CITY OF CHICAGO, A Municipal Corporation, and the defendant CITY OF CHICAGO, A Municipal Corporation, by its agents, servants and employees were guilty of one or more of the following wilful, wanton and/or negligent acts or omissions:

a. Unlawfully touched the plaintiff by firing a bullet into the body of the plaintiff;

b. pointed a loaded gun at the plaintiff which was discharged so that the bullet entered the body of the plaintiff;

 c. used a hollow nose bullet which they knew or should have known created a greater danger of injury upon impact with a human body;

 d. failed to obtain information as to the identity of the driver of the cab which information was readily available and discoverable by the exercise of ordinary care;[1]

 e. failed to communicate to the police officer at the scene the identity of the driver of the cab;

 f. permitted the use of hollow nose bullets by its police officer when the City knew or should have known of the greater hazard to and greater injury upon impact with a human body."

The plaintiff argues that allegations d, e and f relate to the ordinary negligence of agents, servants and employees of the City occurring other than in the execution or enforcement of any law. The fact remains, however, that the plaintiff seeks to impose liability upon the City for acts committed by its employees; and, as stated above, the City is not liable for any injury resulting from the acts or omissions of any of its employees unless the employees themselves are liable. We believe that the acts complained of, *i.e.*, the obtaining and transmitting of information relative to the commission of a crime and permitting the use of hollow nose bullets during the apprehension of a criminal occurred during the execution or enforcement of a law. Therefore, the City is immune from ordinary negligence liability in accordance with the Tort Immunity Act and the trial court erred in not entering judgment notwithstanding the verdict and in reinstating the judgment in favor of the plaintiff.

The plaintiff also contends that the City waived its statutory immunity defense by failing to plead this defense after the plaintiff amended her complaint to conform her pleadings to the proof. However, the defendants did plead the affirmative defense of statutory immunity in response to the plaintiff's original complaint; and we do not believe that they were required to renew this defense after the plaintiff amended her complaint. We also reject the plaintiff's argument that the City waived the

---

[1]The plaintiff, a cab driver, was taken hostage by a passenger who, after failing to obtain money from her refused to release her until her cab company paid him a ransom. The police who responded to the call for assistance were not given a description of the victim. The plaintiff argued at trial that Goetz mistook her for the offender due to a lack of information supplied by the police radio dispatch.

immunity defense because it tendered instructions and did not object to the plaintiff's instructions relative to ordinary negligence, reasonable care and contributory negligence. Despite the City's acquiescence to the jury instructions on ordinary negligence, reasonable care and contributory negligence, however, it is clear from the record that the City continued to maintain that it was not liable for the plaintiff's injuries absent a finding of wilful and wanton conduct by its employees. Therefore, there was no waiver by the City of its statutory immunity defense.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

WHITE, P.J., and RIZZI, J., concur.