ALBERT MORRIS, JR., Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 83—2343

Opinion filed January 24, 1985.

Cooney & Stenn, of Chicago (James E. Ocasek and Kathryn L. Fleischer, of counsel), for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan and Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Albert Morris, brought suit in the circuit court of Cook County against defendants, city of Chicago and police officer James Rowan, for injuries sustained when his car was struck by a Chicago police car driven by Rowan. At trial, after plaintiff had put on one witness, the trial court directed a verdict for defendants based on section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 2—202). The court also denied plaintiff leave to amend his complaint to charge wilful and wanton conduct on the part of defendants.

On appeal, plaintiff attacks the directed verdict, contending that (1) the trial court erred in its determination that defendant Rowan was executing or enforcing a law at the time of the collision; and (2) the trial court erred by failing to put the issue of wilful and wanton negligence to the jury at the time the directed verdict was granted. Plaintiff also contends that (3) the defendants waived reliance on the statutory immunity; and (4) the trial court improperly denied plaintiff leave to amend his complaint to allege wilful and wanton negligence.

We affirm in part, reverse in part, and remand.

BACKGROUND

This action commenced with the filing of plaintiff's one-count complaint alleging that on February 5, 1976, he was injured when his parked car was struck from behind by a police car negligently driven by defendant Rowan. Defendants' answer denied the negligence allegations and raised no affirmative defenses. The case proceeded to trial on the issues raised by the complaint and answer.

At trial, plaintiff's first witness was defendant Rowan, called as

an adverse witness. Rowan testified that on the night of February 5, 1976, he was on routine patrol in an unmarked police car. The car was equipped with a siren and flashing headlamps, but had no rooftop "Mars" lights. Rowan's patrol area included the near north side of Chicago. Rowan was heading northbound on La Salle Street when he received an "in progress" call on the police radio. Rowan recalled that the call was for a man with a gun near the intersection of Oak and Orleans streets. Rowan proceeded to Oak Street with siren on and headlamps flashing.

Just before turning down Oak Street, Rowan turned off the siren, but left the flashing headlamps on. As he approached the intersection of Oak with Orleans, Rowan saw some police vehicles on the other side, but saw no other activity suggesting that a crime was being committed or that an arrest was being made. After coming to an almost complete stop at Orleans, Rowan drove slowly across the intersection. Rowan then began to apply the brakes, intending to pull up behind the first car parked in front of the other police vehicles at the scene. At this point, the car began to slide on a patch of ice. Rowan attempted to stop but could not. His car slid 25 feet and collided with the rear of plaintiff's car. Rowan claimed that, although he looked carefully ahead before crossing the intersection, he did not see the patch of ice.

Rowan also testified that when an "in progress" call is received, a police officer assumes that a crime is in the process of being committed and responds accordingly.

After Rowan's testimony, defendants moved for a directed verdict. Defendants claimed immunity from liability based on negligence under section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 2—202). The trial court heard argument relative to the motion and granted the directed verdict. According to the trial court's findings, Rowan's undisputed testimony showed that he was executing or enforcing a law when the collision occurred, and thus defendants were within the protection of the Tort Immunity Act.

The trial court also rejected plaintiff's argument that defendants had waived reliance on the Tort Immunity Act by failing to raise it before trial. The court also denied plaintiff's motion to allow him to amend his complaint to add allegations of wilful and wanton negligence on the part of the defendants, necessary to defeat the statutory immunity.

This appeal followed.

Opinion

## I

■ This case comes before us in the rather odd posture of a verdict's being directed prior to the close of plaintiff's case, with said verdict being based on a statutory defense not raised in the pleadings. With this preface in mind, we turn to the plaintiff's first contention concerning the propriety of directing a verdict based on the evidence that was before the court when the defense was first raised.

A motion for a directed verdict should be granted only when all of the evidence, when viewed in its aspect most favorable to the opponent of the motion, so overwhelmingly favors the movant that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) Moreover, where there is no dispute concerning factual matters, and where no conflicting inferences can be drawn from the evidence, a question of law is presented justifying a directed verdict. *Publication Corp. v. Chicago River & R.R. Co.* (1977), 49 Ill. App. 3d 508, 514, 364 N.E.2d 523.

In the case at bar, uncontroverted evidence established that defendant Rowan was responding to a radio report of a crime in progress when the collision with plaintiff's car occurred. There was also uncontroverted evidence that defendant Rowan assumed that a crime was being committed when he received the radio report.

Plaintiff could produce no evidence to dispute these aspects of defendant Rowan's testimony. Plaintiff, however, contends that since Rowan did not actually see a crime being committed and was not in the act of apprehending an offender when the collision occurred, the trial court's directed verdict, finding that he was executing or enforcing a law, was error or, alternatively, presented a question for the jury. We cannot agree.

Section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 2—202) provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes wilful and wanton negligence." The immunity provided by this section extends only to negligent acts or omissions done while in the actual execution or enforcement of a law and not to every act or omission done while on duty as a public employee. (*Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 33, 282 N.E.2d 144.) The question of whether a police officer is engaged in the execution or enforcement of a law is a factual determination which must, in every case, be made in light of the circumstances involved. *Anderson*

*v. City of Chicago* (1975), 29 Ill. App. 3d 971, 977, 331 N.E.2d 243.

Our review of the case law, however, does not lead us to the conclusion plaintiff urges here. The circumstances of this case show that defendant Rowan was responding to an actual call to enforce or execute the law. He was not merely on routine patrol (*cf. Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 34), nor was he retreating from enforcing the law (*cf. Thompson v. City of Chicago* (1984), 128 Ill. App. 3d 59, 64-65). Instead, the undisputed facts show an unbroken effort on Rowan's part to respond to a radio call of a crime in progress. We therefore conclude that the trial court correctly determined that defendant Rowan was executing or enforcing a law within the meaning of section 2—202, and properly directed a verdict on the issue of defendant's negligence.

II

■ Plaintiff further contends that the directed verdict was improper because the trial court failed to allow the issue of wilful and wanton negligence, necessary to defeat the statutory immunity, to go to the jury. The arguments of both parties dwell on whether defendant Rowan's testimony was sufficient to raise a question of wilful and wanton negligence. Our review of the record, however, convinces us that we need not reach this issue.

The issues in a case are created by the pleadings and allegations, to which the proof must correspond. (*City of Chicago v. Harris Trust & Savings Bank* (1977), 56 Ill. App. 3d 651, 653, 371 N.E.2d 1182.) Consequently, a party cannot have relief based on proof without allegations. *Partel v. Harris Trust & Savings Bank* (1982), 106 Ill. App. 3d 962, 966, 437 N.E.2d 1225.

In the instant case, plaintiff's complaint only raised the issue of defendants' negligence, and the cause proceeded to trial on that basis. During argument on the directed verdict motion, plaintiff never claimed defendant Rowan's testimony raised a question of wilful and wanton negligence, nor did he argue such a claim should be put to the jury. Moreover, the trial court specifically concluded that it was compelled to direct a verdict because no allegations of wilful and wanton conduct were before the court. Under these circumstances, we believe that the trial court properly considered only those allegations before it at the time the motion for the directed verdict was made. Thus, we conclude that the trial court was not required, at that time, to put the issue of wilful and wanton negligence to the jury.

III

■ Plaintiff next argues that defendants waived reliance on the

statutory governmental immunity by failing to raise the defense until after trial had begun. We first note that the defense was not raised at trial by way of a motion by defendants to amend their answer. However, the parties have treated the issue as such in their briefs before this court. As we perceive no substantive difference between what actually occurred in the trial court and a motion to file an amended pleading, we elect to do the same.

Plaintiff correctly points out that the statutory immunity provided for public employees executing or enforcing a law is an affirmative defense (*Vines v. City of Chicago* (1982), 110 Ill. App. 3d 1060, 1062, 443 N.E.2d 652), which under the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—613) should have been raised in the defendants' answer. However, the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616) also provides that "any time before final judgment amendments may be allowed on just and reasonable terms *** adding new *** defenses ***."

Plaintiff also correctly points out that amendments during trial should not ordinarily be permitted if such amendments concern matters which the pleader knew at the time the original pleading was filed and for which the pleader offers no good reason for not having included in the original pleading. (*First National Bank & Trust Co. v. Sousanes* (1978), 66 Ill. App. 3d 394, 396, 384 N.E.2d 30.) However, a motion to amend the pleadings is addressed to the sound discretion of the trial court, with the paramount consideration being whether the amendment furthers the interests of justice. (*United Air Lines, Inc. v. Conductron Corp.* (1979), 69 Ill. App. 3d 847, 857, 387 N.E.2d 1272.) Among the factors to be considered in determining whether or not a motion to amend the pleadings should be allowed are prejudice and surprise to the other party. (*Baird & Warner, Inc. v. Ruud* (1976), 45 Ill. App. 3d 223, 230, 359 N.E.2d 745.) Thus, failure to timely plead an affirmative defense does not necessarily constitute waiver, and the trial court may exercise its discretion to permit a party to amend the answer to raise the affirmative matter. *Uscian v. Blacconeri* (1975), 35 Ill. App. 3d 80, 84, 340 N.E.2d 618.

In the present case, the affirmative defense of statutory immunity was interposed before final judgment. While we do not condone the actions of defendants in waiting until trial began to assert the defense, we cannot agree that, on this fact alone, plaintiff was surprised or prejudiced. Our review of the record shows that plaintiff was prepared to and did argue the merits of defendants' directed verdict motion. In view of this fact, we conclude that defendants did not waive the statutory immunity defense by failing to raise it in their original pleadings.

## IV

■ However, we do find merit in plaintiff's final contention that he was prejudiced by the trial court's denial of leave to amend the complaint to allege wilful and wanton negligence.

As has already been noted, the Code of Civil Procedure requires that amendments to pleadings be made on "just and reasonable terms." (Ill. Rev. Stat. 1983, ch. 110, par. 2—616.) When the trial court allowed defendants to raise the statutory immunity defense at trial, but then denied plaintiff the opportunity to meet that defense, the terms of granting defendants' "amended pleading" were not truly reasonable and just.

Moreover, the trial court's power to allow amendments to a complaint should be freely exercised so that a party may fully present his causes of action. (*Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1106, 428 N.E.2d 1061.) Here, plaintiff had not finished putting on his case when the verdict was directed, and the trial court was apprised of this fact. Furthermore, the trial court made no finding concerning wilful and wanton negligence when it denied plaintiff leave to amend. Thus, the trial court impermissibly precluded plaintiff from fully presenting his claims against defendants.

■ Finally, we find no merit in defendants' claim that plaintiff should not be allowed leave to amend because of prejudice to defendants. At the heart of defendants' argument is the fact that a wilful and wanton negligence count may create a potential conflict between defendants requiring defendant Rowan to retain his own counsel. However, any prejudice defendants may suffer is directly attributable to their own tactics of waiting until trial to assert the statutory immunity. Thus, we conclude that the potential adversity between the defendants is irrelevant to the issue of whether plaintiff may amend his complaint.

Accordingly, the judgment of the trial court granting the directed verdict is affirmed. The judgment of the trial court denying plaintiff leave to amend the complaint is reversed, and the cause remanded with directions to allow plaintiff to amend his complaint to allege wilful and wanton negligence on the part of the defendants.

Affirmed in part, reversed in part, and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.