MOSE LEAKS *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—91—2762

Opinion filed October 23, 1992.—Rehearing denied December 14, 1992.

David P. Zev, of Chicago, for appellants.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Jean Dobrer, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiffs brought suit against defendants, seeking recovery for personal injuries allegedly sustained in an automobile collision. The cause was tried by a jury, and a verdict was returned in favor of defendants. Plaintiffs appeal, contending that: (1) the trial court erred in finding that defendant Johnson was engaged in the enforcement of the law at the time of the accident; (2) the trial court erred in denying the plaintiffs the right to impeach Johnson's testimony with prior inconsistent statements; (3) the determination of whether Johnson was engaged in the enforcement of the law was within the province of the jury; (4) the trial judge abused his discretion in refusing to allow plaintiffs to exercise more than six peremptory challenges of potential

jurors; and (5) plaintiffs were entitled to a directed verdict on the negligence count where Johnson testified that he failed to look behind the squad car before moving in reverse.

The record reveals that plaintiffs sought recovery for personal injuries allegedly sustained in an automobile collision as a result of negligent conduct by defendants, Willie Johnson, a Chicago police officer, and the City of Chicago. Plaintiffs also alleged that their injuries were caused by willful and wanton conduct on the part of defendants. Defendants denied the substantive allegations in plaintiffs' complaint and raised as an affirmative defense the claim that plaintiffs' injuries were proximately caused by their own negligence. Defendants also asserted as an affirmative defense that they were not liable in negligence for plaintiffs' injuries because defendant Johnson was acting in the execution or enforcement of the law. (Ill. Rev. Stat. 1985, ch. 85, pars. 2—109, 2—202.) During trial, the court determined that defendant Johnson was engaged in the enforcement of the law at the time of the accident. Accordingly, the court ruled that, in order to recover, plaintiffs were obligated to prove that Johnson was guilty of willful and wanton conduct. Upon consideration of all of the evidence presented, the jury returned a verdict in favor of defendants, finding that plaintiffs failed to establish willful and wanton behavior.

The only trial testimony included in the record on appeal is that of defendant Officer Willie Johnson. Defendant Johnson, who was called by counsel for the City of Chicago, testified that he had been employed as a Chicago police officer for 6½ years. At the time of trial, Johnson was assigned to the mobile force of the Area 4 gang crimes unit.

In June 1986, Johnson was a patrolman in the third district, which encompassed the area surrounding 63rd Street and Rhodes. Johnson stated that he patrolled this high-crime area on a regular basis. On June 29, 1986, Johnson was on duty with his partner, Gregory Patten, who was deceased at the time of trial. Johnson and Patten were assigned to the third watch, 4 p.m. to 12 a.m. At approximately 6 p.m., Johnson and Patten were cruising down the 6200 block of Rhodes Street, a southbound one-way street. Johnson testified that he was driving the marked police car and that he was travelling at about 15 or 20 miles per hour.

As he passed an alley at 6247 South Rhodes, Johnson observed several people standing in front of and in the hallway of an apartment building. Johnson testified that he believed the behavior of these people was suspicious and similar to the "methods used by some narcotics dealers to peddle their drugs." Johnson also testified that he be-

lieved the conduct of these people constituted a violation of a municipal law against loitering, which, according to Johnson, precluded the gathering of three or more persons in one place without a permit. Johnson determined that he should investigate the situation further. He stopped the squad car a couple of car lengths beyond the apartment building and informed Patten what he had seen.

Johnson then put the car in reverse and raised his foot off the brake pedal. As he took his foot off the brake, the car moved back two or three feet. Johnson started to turn his head to look over his right shoulder, but the squad car struck the plaintiffs' vehicle before Johnson was able to look behind him. Johnson testified that he was not conversing with anyone on the street at the time the collision occurred.

Johnson testified that he had not depressed the accelerator while the car was in reverse, and the squad car could not have been moving any faster than three or five miles per hour. When Johnson felt the impact, he turned all the way around and saw the plaintiffs' car behind him. Johnson testified that he said "oops" because it was not a serious collision. Johnson then got out of the squad car and walked back to the plaintiffs' car and inquired whether the occupants were all right. Johnson testified that when he asked this question he did so rather jokingly because he knew there was nothing serious to it. Johnson said none of the occupants incurred any injuries and that the only damage to plaintiffs' vehicle was a bent license plate.

During trial, plaintiffs moved for a directed verdict. Plaintiffs contended that because Johnson was not engaged in the enforcement of the law at the time of the accident, the standard to be applied was one of negligence, and the evidence established that his conduct was negligent as a matter of law. The trial court denied plaintiffs' motion for a directed verdict, finding that Johnson was engaged in the enforcement of the law at the time of the accident. Accordingly, the court ruled that plaintiffs were obligated to prove that Johnson was guilty of willful and wanton conduct.

Plaintiffs initially assert that the trial court erred in finding that defendant Johnson was engaged in the enforcement of law at the time of the accident. We agree.

■ Section 2–109 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." (Ill. Rev. Stat. 1985, ch. 85, par. 2–109.) Section 2–202 of the Tort Immunity Act states that "[a] public employee is not liable for his act or omis-

sion in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence." Ill. Rev. Stat. 1985, ch. 85, par. 2—202.

In *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144, the Illinois Supreme Court held that only acts done "while in the actual execution or enforcement of a law" were entitled to immunity and noted that a police officer merely cruising in his car while on duty may not claim immunity if the factual determination indicated that he was not executing or enforcing a law at the time. (*Arnolt*, 52 Ill. 2d at 33-34.) The court held further that the question of whether a police officer is executing and enforcing the law is a factual determination which must be made in light of the circumstances involved in each case. *Arnolt*, 52 Ill. 2d at 35.

The ruling in *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243, was predicated upon the *Arnolt* decision and held that a police officer transporting two prisoners in a squad car was not enforcing or executing any laws. (*Anderson*, 29 Ill. App. 3d at 977.) The court concluded, therefore, that the plaintiff pedestrian who was struck by the officer's vehicle was not required to show willful or wanton conduct under the Tort Immunity Act. *Anderson*, 29 Ill. App. 3d at 977.

In *Thompson v. City of Chicago* (1985), 108 Ill. 2d 429, 484 N.E.2d 1086, two police officers activated the siren of the squad car and began to move the car slowly forward in an attempt to disperse an unruly crowd. The officers' vehicle struck the plaintiff while backing up when the mob began to pelt the car with bottles, rocks, and debris. There, the supreme court held that the officers' action was merely a tactical retreat and was part of a continuing course of conduct intended to restore the peace. *Thompson*, 108 Ill. 2d at 434.

In *Fitzpatrick v. City of Chicago* (1986), 112 Ill. 2d 211, 492 N.E.2d 1292, the plaintiff was involved in an automobile accident on an expressway, and a police officer in a squad car stopped nearby to investigate. Another car struck the squad car and caused it to hit the plaintiff. The supreme court held that the police officer and his employer were entitled to assert immunity where the evidence established that at the time of the incident, the officer was engaged in a course of conduct designed to enforce traffic laws.

In *Aikens v. Morris* (1991), 145 Ill. 2d 273, 583 N.E.2d 487, the Illinois Supreme Court considered whether an officer was liable for injuries to the plaintiff when the police car collided with the plaintiff's vehicle while the officer was in the process of transporting a prisoner from one lockup facility to another. In *Aikens*, the court specifically

reaffirmed the reasoning employed in *Arnolt*. The court held that because the words "in the execution or enforcement of any law" should be given their plain and commonly ascribed meaning (*Aikens*, 145 Ill. 2d at 278), the Tort Immunity Act did not provide a blanket immunity for the negligent performance of all activities while an officer was on duty (*Aikens*, 145 Ill. 2d at 279). The court noted that the statute provided only a limited immunity which was narrower than the scope of a police officer's employment or his performance of all official functions and duties. The court also reaffirmed its prior holding in *Arnolt* that the determination of whether an officer is executing or enforcing a law is a factual one which must be made in light of the circumstances in each case. (*Aikens*, 145 Ill. 2d at 286.) The court concluded that the transportation of prisoners did not constitute a course of conduct in the execution or enforcement of a law. *Aikens*, 145 Ill. 2d at 286.

In the case at bar, defendant Johnson testified that he was merely cruising when he observed several individuals standing outside and in the hallway of the apartment building on Rhodes. It is undisputed that Johnson was not engaged in the execution or enforcement of a law while he was routinely cruising the neighborhood. (See *Arnolt*, 52 Ill. 2d at 34.) Defendants have, however, asserted that they were immune from liability because Johnson had embarked upon a course of conduct in the execution and enforcement of a law at the time of the collision. We find that the evidence in the record does not support this assertion.

The only testimony included in the record on appeal is that of defendant Johnson, who stated that he observed several people standing outside and in the hallway of an apartment building at approximately 6 p.m. on the evening of June 29, 1986. There is absolutely no indication that Johnson observed the exchange of any money or the transfer of any drugs, or for that matter any crime at all. While Johnson did testify that what he observed was similar to how some dealers peddle their drugs, he did not elaborate upon this. What remains is a record which only shows several people standing in front of and in the hallway of an apartment building on a summer evening, a common occurrence in most every neighborhood.

Defendants have raised executing and enforcing the law as an affirmative defense and as such bear the burden of coming forth with facts to support the defense. This they have not done. Our holding, we stress, is not intended to establish a rule that facts establishing that an actual crime or violation of law was taking place must be shown to prevail upon the affirmative defense, or that investigatory

procedure may never bring police personnel within the ambit of section 2—202. Rather, our holding is bottomed upon defendants' failure to support their affirmative defense with facts. At best, Johnson's testimony was conclusory in nature as to suspected violation of State law or municipal ordinance. We therefore hold that the trial court erred in ruling that plaintiffs were required to prove willful and wanton conduct. Accordingly, the judgment in favor of defendants is reversed, and the cause is remanded for a trial on plaintiffs' negligence claim.

■ Plaintiffs also assert that they were entitled to a directed verdict because Johnson was guilty of negligence *per se*. Specifically, plaintiffs contend that Johnson violated section 11—708 of the Illinois Vehicle Code, which provides that traffic shall proceed only in the direction designated for one-way streets. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—708(b).) Plaintiffs alleged that Johnson violated this statute and was guilty of negligence *per se* when he drove in the wrong direction on a one-way street. This argument is unpersuasive.

Violation of a statute or ordinance designed for the protection of human life or property is *prima facie* evidence of negligence, but does not constitute negligence *per se* because the evidence of negligence may be rebutted by proof that the party acted reasonably under the circumstances, despite the violation. (*Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 219-20, 384 N.E.2d 323; *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390, 356 N.E.2d 93.) Consequently, Johnson's conduct in driving the squad car in the wrong direction on a one-way street cannot be considered negligence *per se*, and plaintiffs are not entitled to a directed verdict on this basis.

■ Plaintiffs also assert that Johnson was guilty of negligence *per se* because he had not looked behind the squad car before moving in reverse. Plaintiffs characterize Johnson's actions as "driving without vision" and negligence as a matter of law. (See *Hartigan v. Robertson* (1980), 87 Ill. App. 3d 732, 736, 409 N.E.2d 366.) We note, however, that the evidence in the record reflects that Johnson put the car in reverse and raised his foot off the brake pedal. As he took his foot off the brake, the car moved back two or three feet. Johnson started to turn his head to look over his right shoulder, but the squad car struck the plaintiffs' vehicle before Johnson was able to look behind him. Based upon the evidence before us, we are unwilling to say that Johnson was necessarily "driving without vision" and guilty of negligence as a matter of law. Thus, we hold that plaintiffs were not entitled to a directed verdict on this basis.

Based upon our decision in this case, we need not address the remaining issues raised by plaintiffs on appeal.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded to the trial court for a trial on plaintiffs' negligence claim.

Reversed and remanded.

EGAN,* P.J., and McNAMARA, J., concur.

---

*Justice LaPorta participated in this case before her death. Presiding Justice Egan has taken her place and has read the briefs and listened to the tape of the oral arguments.