ERIC BRUECKS, a Minor, by David Bruecks, his Father and Next Friend, Plaintiff-Appellant, v. THE COUNTY OF LAKE *et al.*, Defendants-Appellees.

Second District    No. 2—95—0592

Opinion filed December 22, 1995.

Thomas D. Campe, Jr., and David A. Decker, both of Decker & Linn, Ltd., of Waukegan, for appellant.

Steven L. Larson and John W. Barbian, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Eric Bruecks, by and through David Bruecks, appeals the circuit court's grant of summary judgment to defendants, the County of Lake and Darryl Lewallen, on his complaint for negligence. Plaintiff contends that the court erroneously held that defendants were immune from liability because Lewallen was executing or enforcing a law at the time of the accident that injured plaintiff.

Defendant Lewallen is a deputy sheriff employed by defendant Lake County. Plaintiff was crossing Route 60/83 on foot when he was struck by Lewallen's police car.

At his deposition, Lewallen testified that he had responded to a call in Lake Barrington near the end of his shift and was returning to the station when he heard over the radio a report of shots fired in the Diamond Lake area. Three other deputies had previously been dispatched to the area, but Lewallen stated that he would also respond. He was en route to the scene when his car struck plaintiff. Lewallen was not using his siren or flashing lights, and he did not feel the situation was an "emergency."

Plaintiff sued Lewallen and Lake County for his personal injuries, alleging negligence. Defendants filed a summary judgment motion, contending that they were immune from liability pursuant to sections 2—202 and 2—109 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/2—109, 2—202 (West 1994)). The court granted the motion and plaintiff perfected this appeal.

■ Section 2—202 of the Act provides:

> "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." (745 ILCS 10/2—202 (West 1994).)

Section 2—109 provides:

> "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2—109 (West 1994).

The supreme court has held that section 2—202 does not necessarily include all activities of an employee during his hours of duty. Rather, the immunity extends only to acts or omissions done while in the actual execution or enforcement of a law. (*Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 33.) Thus, where an officer is engaged in routine elements of his official duties, such as transporting a prisoner (*Aikens v. Morris* (1991), 145 Ill. 2d 273), engaging in routine patrol (*Leaks v. City of Chicago* (1992), 238 Ill. App. 3d 12), or investigating a missing person report (*Simpson v. City of Chicago* (1992), 233 Ill. App. 3d 791), immunity does not attach.

However, where a public employee is "engaged in a course of conduct designed to carry out or put into effect any law," immunity is available. (*Fitzpatrick v. City of Chicago* (1986), 112 Ill. 2d 211, 221.) Activities such as investigating a traffic accident (*Fitzpatrick*, 112 Ill. 2d at 221-22), attempting to quell a disturbance at a rock concert (*Thompson v. City of Chicago* (1985), 108 Ill. 2d 429), or writ-

ing a traffic ticket (*Trepachko v. Village of Westhaven* (1989), 184 Ill. App. 3d 241) are immunized.

In *Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, the court found immunity applicable to an officer who collided with plaintiff's parked car while responding to a report of a man with a gun. As in the present case, other officers had previously been dispatchod to the scene and the officer was proceeding without his mars lights or siren. (*Morris*, 130 Ill. App. 3d at 742.) The appellate court held that the officer was responding to an actual call to enforce a law. *Morris*, 130 Ill. App. 3d at 744.

■ In the present case, Officer Lewallen was responding to a call of shots fired. He clearly was being called upon to execute or enforce a law. The facts that he was not specifically dispatched to the scene, did not have his emergency lights and siren activated, and did not subjectively consider the situation to be an emergency do not alter this conclusion. The cases in which immunity has been found applicable do not require that the officer be engaged in an emergency response.

Plaintiff further contends, however, that Lewallen was not enforcing a law since no one was apprehended or charged as a result of the incident and Lewallen could not even name a specific law that had been violated. This argument misses the mark. Acceptance of this argument would make the existence of immunity depend upon circumstances which developed after the fact. Shots being fired in a residential neighborhood create the potential for danger, and thus require investigation, regardless of whether the shooter is apprehended or is ultimately found to have violated any law or ordinance. It is worth noting that none of the cases in which immunity was found applicable even discussed the question whether anyone was ever arrested or charged with any crime.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and GEIGER, JJ., concur.