EULASTINE SANDERS, as Independent Adm'r of the Estate of Patricia Sanders, Deceased, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—98—0809

Opinion filed June 30, 1999.

358

Kostow & Passen, Ltd., of Chicago (Gary Kostow and Stephen M. Passen, of counsel), for appellant.

Brian L. Crowe, Corporation Counsel of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Joshua D. Davidson, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Eulastine Sanders, brought an action on behalf of the estate of her deceased daughter to recover damages allegedly caused by the negligence and willful and wanton conduct of defendants, Officer Charles Copps and the City of Chicago. Plaintiff's case was tried before a jury (trial I). At the close of all the evidence, the trial court directed a verdict for defendants on the negligence counts, and the jury returned a verdict for defendants on the willful and wanton counts. The trial court subsequently set aside the jury verdict and the directed verdict and granted plaintiff's motion for a new trial on both the negligence and willful and wanton counts. Thereafter, the trial court granted summary judgment for defendants on the negligence counts, and the case was tried before a jury on the willful and wanton counts (trial II). This jury, too, returned a verdict for defendants. Plaintiff appeals the trial court's orders granting summary judgment for defendants on her negligence counts and denying her posttrial II motions for a new trial or judgment notwithstanding the verdict on her willful and wanton counts. We reverse the trial court's order granting summary judgment for defendants on plaintiff's negligence counts and remand for further proceedings. We affirm the trial court's order denying plaintiff's posttrial motion for a new trial or judgment notwithstanding the verdict on her willful and wanton counts.

This case arose out of a traffic accident on May 1, 1991. At 8 a.m. on that date, Officer Copps reported to work and received his beat assignment. At about 8:35 a.m, he left roll call and began patrolling. Soon thereafter, he heard an emergency call over his radio from Officers Kenny Watt and Patricia Black, who had been attacked at 223 West 72nd Street. That address is in another beat area.

Without requesting permission from his supervisors, Officer Copps left his beat and proceeded toward 223 West 72nd Street. Along the way, Officer Copps heard over his radio that the suspect had been chased into a hallway at 7227 South Stewart and that the suspect was cornered but not yet searched. The radio dispatcher then asked Officer Watt and Officer Black if they were getting enough help. Officer Black responded, "Yes, we do." Officer Copps claims not to have heard Officer Black's response.

Officer Copps proceeded east on 71st Street toward Stewart Street. As he approached the intersection of 71st and Stewart Street, he observed that the traffic was stopped in the eastbound lane. Officer Copps then entered the westbound lane of 71st Street and proceeded to drive eastbound in that lane.

Meanwhile, plaintiff was walking her three children, Patricia,

April, and Jerry, to school. Plaintiff and her children walked eastward on 71st Street halfway down the block toward Stewart, then turned and walked in a northerly direction across the eastbound traffic lane, crossing in front of a dump truck that was stopped in that lane. Before reaching the center lane dividing eastbound and westbound traffic, plaintiff looked to her right, in the direction from which she would expect to see approaching traffic. By the time she glanced back to her left, Officer Copps' vehicle had struck Patricia in the westbound lane. Patricia suffered serious injuries and died on February 13, 1997.

Plaintiff filed a complaint alleging that defendants acted negligently and willfully and wantonly in connection with the car accident that killed Patricia. Defendants filed a motion for summary judgment, arguing that sections 2—202 and 2—109 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/2—202, 10/2—109 (West 1996)) immunized them from liability in negligence for acts and omissions in the execution and enforcement of any law. Defendants supported their motion with sworn testimony and exhibits purportedly demonstrating that defendant Officer Copps was responding to an emergency call, and thus was executing and enforcing the law, when the accident occurred. The trial court granted defendants' motion for summary judgment. Thereafter, the jury found for defendants on the willful and wanton counts. Plaintiff filed this timely appeal.

■ Initially, defendants argue we should dismiss plaintiff's appeal pursuant to Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)) for failing to cite to the record that was before the trial court at the time of its summary judgment ruling. We disagree. At the time of its summary judgment ruling, the trial court had before it testimony from trial I. In her appellate brief arguing for reversal of the trial court's order granting summary judgment, plaintiff cites to testimony from trial II. Defendants contend that plaintiff waived her argument by citing trial II testimony instead of trial I testimony. Defendants' argument fails because the testimony at trial II was the same as that at trial I; therefore, this court has before it the same evidence, with appropriate citations, the trial judge had before her when she granted defendants' motion for summary judgment. Accordingly, we deny defendants' motion to dismiss plaintiff's appeal.

■ We now address plaintiff's argument that the trial court erred in granting defendants' motion for summary judgment on plaintiff's negligence counts. Summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, the pleadings, depositions and admissions on file reveal that no genuine issues of material fact exist and that the moving party is entitled to judgment as a mat-

ter of law. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 349 (1998). The standard of review in cases involving summary judgment is *de novo. Ragan*, 183 Ill. 2d at 349.

■ The trial court found as a matter of law that Officer Copps was executing and enforcing the law at the time of the accident and, thus, sections 2—109 and 2—202 of the Tort Immunity Act immunized defendants from liability in negligence. Sections 2—109 and 2—202 provide:

> "§ 2—109. A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2—109 (West 1996).

> "§ 2—202. A public employee is not liable for his act or omission *in the execution or enforcement of any law* unless such act or omission constitutes willful and wanton conduct." (Emphasis added.) 745 ILCS 10/2—202 (West 1996).

■ Whether a police officer is executing or enforcing the law is ordinarily a question of fact. *Arnolt v. City of Highland Park*, 52 Ill. 2d 27, 35 (1972). However, where the facts point to only one conclusion, the trial court may determine the issue as a matter of law. See *Morton v. City of Chicago*, 286 Ill. App. 3d 444, 455 (1997).

Defendants cite *Morris v. City of Chicago*, 130 Ill. App. 3d 740 (1985), which held as a matter of law that a police officer responding to an emergency call is executing and enforcing the law within the meaning of section 2—202 of the Tort Immunity Act. See *Morris*, 130 Ill. App. 3d 740 (holding that a police officer responding to a radio call of a crime in progress was executing and enforcing the laws). Defendants argue that, like *Morris*, Officer Copps was responding to an emergency call for assistance from fellow Officers Watt and Black and therefore the trial court correctly determined as a matter of law that section 2—202 immunized Officer Copps from liability in negligence.

■ We would agree with defendants' argument if the uncontradicted evidence showed that Officer Copps was responding to an emergency at the time of the accident. However, plaintiff presented evidence that about one minute prior to the accident, the police dispatcher asked Officer Watt and Officer Black whether they were getting enough assistance. Officer Black responded affirmatively. Plaintiff also presented evidence that Officer Black's words constituted a "slow down," meaning that the emergency was over and that a responding officer no longer had the right to disregard traffic rules.

Under these set of facts, a jury could find that, with the emergency over, Officer Copps was merely cruising around in his car at the time of the accident. Such conduct does not fall within section 2—202

of the Tort Immunity Act. See *Leaks v. City of Chicago*, 238 Ill. App. 3d 12 (1992) (holding that immunity does not attach where the officer is engaged in routine patrol duty); *Bruecks v. County of Lake*, 276 Ill. App. 3d 567, 568 (1995) (citing *Leaks*).

Officer Copps argues that he never heard the dispatcher ask Officer Black whether she was receiving enough help and he also points to testimony indicating that the "slow down" was broadcast after his traffic accident. However, contrary evidence was presented (*i.e.*, that the words constituting a "slow down" were broadcast over Officer Copps' radio before the accident), thereby raising questions of fact inappropriate for resolution by summary judgment.

Our holding is not meant to establish a rule that an officer necessarily must be engaged in an emergency response in order for section 2—202 immunity to apply. Case law is clear that certain types of non-emergency conduct are immunized. For example, activities such as investigating a traffic accident (*Fitzpatrick v. City of Chicago*, 112 Ill. 2d 211 (1986)) and executing and enforcing traffic laws (*Trepachko v. Village of Westhaven*, 184 Ill. App. 3d 241 (1989)) are immunized. However, in the present case, the trier of fact could find that Officer Copps was engaged in routine patrol at the time of the accident, which is a type of conduct that has been held not to involve the execution or enforcement of any law and, thus, not to fall within section 2—202 immunity. See *Leaks*, 238 Ill. App. 3d 12; *Bruecks*, 276 Ill. App. 3d 567. Accordingly, we reverse the trial court's order granting summary judgment for defendants on plaintiff's negligence counts and remand for further proceedings.

■ Next, we address an issue that may reemerge during such further proceedings. Plaintiff argues, in accordance with the holding in *Bradshaw v. City of Metropolis*, 293 Ill. App. 3d 389 (1997), that Officer Copps can be held liable for his negligent conduct, even if the accident occurred while he was executing and enforcing the law. In *Bradshaw*, the Appellate Court, Fifth District, noted a conflict between section 2—202 of the Tort Immunity Act and sections 11—205 and 11—907 of the Illinois Vehicle Code (625 ILCS 5/11—205, 11—907 (1996)). *Bradshaw*, 293 Ill. App. 3d at 392-93. The court noted (*Bradshaw*, 293 Ill. App. 3d at 392-93) that section 2—202 of the Tort Immunity Act immunizes public employees from liability in negligence for acts and omissions in the execution and enforcement of any law (see 745 ILCS 10/2—202 (West 1996)); by contrast, sections 11—205 and 11—907 of the Illinois Vehicle Code impose a duty on drivers of emergency vehicles, public and private, to refrain from negligence. See 625 ILCS 5/11—205(e), 11—907(b) (West 1996). The *Bradshaw* court determined that the Illinois Vehicle Code is a specific statute establish-

ing a duty and standard of care governing the operation of emergency vehicles by police officers (*Bradshaw*, 293 Ill. App. 3d at 395) and, as such, it prevails over the Tort Immunity Act, which the court found to be a general statute (*Bradshaw*, 293 Ill. App. 3d at 393). Therefore, the *Bradshaw* court held that "a driver of an emergency vehicle can be held liable for negligence arising out of the breach of the duty to use due care in the operation of an emergency vehicle." *Bradshaw*, 293 Ill. App. 3d at 395.

Plaintiff asks us to adopt *Bradshaw*'s reasoning and hold that defendants may be held liable for their negligent conduct in the operation of the emergency vehicle at the time of the accident regardless of whether that conduct was in the execution and enforcement of any law. We decline to do so and instead adopt the holding of *Carter v. Du Page County Sheriff*, 304 Ill. App. 3d 443 (1999).

In *Carter*, the Appellate Court, Second District, concluded, in contrast to *Bradshaw*, that it need not decide whether sections 11—205 and 11—907 of the Illinois Vehicle Code are more specific and therefore prevail over section 2—202 of the Tort Immunity Act. *Carter*, 304 Ill. App. 3d at 450. Instead, *Carter* held that each of the statutes stands in its own sphere and serves different purposes. *Carter*, 304 Ill. App. 3d at 450. The court reconciled the two statutes by noting that the legislature had chosen to grant broader immunity to a public employee engaged in the execution or enforcement of any law than to a private employee or to a public employee not engaged in the execution or enforcement of any law. *Carter*, 304 Ill. App. 3d at 450.

We adopt *Carter*'s holding that sections 11—205 and 11—907 of the Illinois Vehicle Code do not abrogate section 2—202 of the Tort Immunity Act. Accordingly, on remand, defendants may not be held liable in negligence if the trier of fact determines that Officer Copps was executing or enforcing the law at the time of the accident.

Next, we address plaintiff's contentions of error at her trial on her willful and wanton counts.

■ Plaintiff argues the trial court erred by giving jury instruction No. 4, which instructed the jury that in determining plaintiff's contributory negligence, they could consider whether plaintiff violated a municipal ordinance providing that "[n]o pedestrian shall cross a roadway other than in a crosswalk or any through street." Chicago Municipal Code § 9—60—020 (1990). We find no error. An instruction is justified if it is supported by some evidence in the record, and the trial court has discretion in deciding which issues are raised by the evidence. See *Branum v. Slezak Construction Co.*, 289 Ill. App. 3d 948, 957 (1997). In the present case, the evidence at trial established that plaintiff and her children did not cross the street at the crosswalk; in

fact, plaintiff admitted that she and her children crossed the street at mid-block. That evidence was sufficient to support instruction No. 4.

■ Plaintiff argues that the instruction was improper because, as a matter of law, she cannot be found contributorily negligent since Officer Copps was travelling eastbound in the westbound lane at the time of the accident. In support, plaintiff cites *Williams v. Yellow Cab Co.*, 11 Ill. App. 2d 112, 117 (1956), which held that a pedestrian has no obligation when crossing a street to look in a direction other than the direction from which cars are supposed to be travelling. We agree that plaintiff had no obligation to look for traffic coming the wrong way down the street; however, that does not absolve her as a matter of law from any contributory negligence. The evidence here supports a finding that even though Officer Copps was going the wrong way down the street, he still may have seen plaintiff and may have avoided the accident if she and her children had been crossing at the marked crosswalk instead of crossing in the middle of the street from in front of a large dump truck. Therefore, the evidence of plaintiff's failure to cross at the crosswalk supports the trial court's decision to give instruction No. 4, the contributory negligence instruction.

Plaintiff argues in her reply brief that the trial court should have instructed the jury only that "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an intersection shall yield the right-of-way to all vehicles upon the roadway." We disagree, as that instruction does not inform the jury that plaintiff violated the Chicago Municipal Code by crossing outside the crosswalk.

■ Next, plaintiff argues the trial court erred by failing to give plaintiff's instruction No. 17, a non-Illinois Pattern Jury Instruction defining willful and wanton conduct as a course of action where the acts have been less than intentional.

The decision to grant or deny a jury instruction is within the trial court's discretion. *Carey v. J.R. Lazzara, Inc.*, 277 Ill. App. 3d 902, 906 (1996). The standard for determining whether the trial court abused its discretion is whether, taken as a whole, the instructions fully, fairly and comprehensively informed the jury of the relevant legal principles. *Carey*, 277 Ill. App. 3d at 906. Under Supreme Court Rule 239(a), a presumption exists that a trial court should use Illinois Pattern Instructions when applicable, "giving due consideration to the facts and the prevailing law." 177 Ill. 2d R. 239(a); *Carey*, 277 Ill. App. 3d at 907.

In the present case, the trial court gave the following version of Illinois Pattern Jury Instructions, Civil, No. 14.01 (3d ed. 1993) (hereinafter IPI Civil 3d):

"When I use the expression 'willful and wanton conduct' I mean a course of action which shows an utter indifference to or conscious disregard for the safety of others."

IPI Civil 3d No. 14.01 fully, fairly and comprehensively stated the applicable law. See 745 ILCS 10/1—210 (West 1996) (utilizing the same definition of willful and wanton). Accordingly, the trial court did not abuse its discretion by giving IPI Civil 3d No. 14.01 and refusing plaintiff's tendered non-IPI instruction.

■ Next, plaintiff argues the trial court erred by admitting or excluding certain evidence at trial. The admission of evidence is within the discretion of the trial court, and the reviewing court will not reverse the trial court unless that discretion was clearly abused. *Gill v. Foster*, 157 Ill. 2d 304, 312-13 (1993).

Plaintiff contends the trial court erred by admitting testimony of Officer Copps' prior commendation for an arrest he made outside his beat. Plaintiff argues such testimony was inadmissible evidence of Officer Copps' good character and of his prior conduct. See *Hickey v. Chicago Transit Authority*, 52 Ill. App. 2d 132, 139 (1964) (holding that in civil cases parties may not support their position with testimony as to their good character·or reputation, except when character is in issue, such as in slander cases); *Dillon v. U.S. Steel Corp.*, 159 Ill. App. 3d 186, 200 (1987) (holding that evidence of other similar acts may not be proved to show that, having done the same thing before, the person is likely to have done it on the occasion in issue).

In the present case, though, the evidence was not offered to show Officer Copps' good character or that he acted in accordance with prior conduct but, rather, to show that he did not act willfully and wantonly by responding to a call outside his beat. Further, the evidence was admissible because plaintiff "opened the door" on the issue by asking Officer Copps a series of questions regarding whether he was authorized to respond to an emergency call outside his beat. See *Conner v. Ofreneo*, 257 Ill. App. 3d 427, 434 (1993) (holding that "a party may introduce evidence, ordinarily improper, where the opponent has opened up the issue and [where the] party seeking to introduce the evidence would be prejudiced unless allowed to introduce it").

Plaintiff argues that, having admitted evidence of Officer Copps' commendation, the trial court should have allowed her to contradict it with evidence that he was once reprimanded for an accident in which he struck several pedestrians. Plaintiff does not support her claim of error with citation to the record; plaintiff does not identify where she attempted to offer the evidence of Officer Copps' prior accident, nor

does she cite to the trial court's evidentiary ruling. Accordingly, plaintiff has waived review of the issue. See 155 Ill. 2d R. 341(e)(7).

Next, plaintiff argues the trial court erred in allowing testimony regarding the custom and practice of police officers to respond to emergency calls without asking or receiving permission to do so. Plaintiff contends the evidence offered to support the alleged. custom and practice was "patently insufficient."

We disagree. Evidence of an organization's custom and practice may be established by opinion testimony of a person with personal knowledge or by the introduction of specific instances of conduct sufficient in number to support a finding of routine practice. *Brennan v. Wisconsin Central Ltd.*, 227 Ill. App. 3d 1070, 1085 (1992). In the present case, Officers Rosas and Murray testified that it was acceptable practice to respond to emergency calls without notifying the dispatcher, and they had personally engaged in that practice. Lieutenant Stahl testified that he taught all police officers to respond to emergency calls and the dispatcher would issue a "disregard" order if certain officers were not needed. Lou Reiter, a police consultant, testified that the practice of responding to emergency calls without notifying the dispatcher was consistent with generally accepted police practice. Such testimony was sufficient to establish the custom and practice of police officers to respond to emergency calls without receiving prior authorization.

Plaintiff points to the testimony of another officer who asked for and received permission from the dispatcher before coming to the aid of Officers Watt and Black. Plaintiff contends such evidence disproves the existence of a custom or practice of responding to emergency calls without notifying the dispatcher. We disagree. This argument addresses the weight of the evidence of the custom, not its admissibility. Any contradiction in the evidence was for the jury to resolve.

■ Finally, plaintiff argues the trial court erred in denying her motion for a judgment notwithstanding the verdict because "no contrary verdict based upon the evidence could stand." Plaintiff offers no further argument, other than this conclusory statement, in support of her claim of error. Accordingly, the issue is waived. See 155 Ill. 2d R. 341(e)(7); *People v. Williams*, 267 Ill. App. 3d 82, 86 (1994).

Even if the issue had not been waived, we would find no error. A judgment notwithstanding the verdict should be granted only if all the evidence, when viewed in a light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict can stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967). Viewed in the light most favorable to defendants, the evidence established that Officer Copps entered the wrong lane of traffic in order to re-

spond more speedily to an emergency call for help from fellow officers. Before entering that lane of traffic, Officer Copps slowed down and made sure there were no cars coming from the opposite direction; he also activated his siren to alert other motorists and pedestrians as to his presence. A jury could determine from such evidence that Officer Copps was not behaving in a willful and wanton manner at the time of the accident. Accordingly, the trial court properly denied plaintiff's motion for judgment notwithstanding the verdict.

For the foregoing reasons, we affirm the trial court's order denying plaintiff's posttrial motions for judgment notwithstanding the verdict and/or a new trial on the willful and wanton counts. We reverse the trial court's order granting summary judgment for defendants on plaintiff's negligence counts and we remand for further proceedings.

Affirmed in part and reversed in part; cause remanded for further proceedings consistent with this opinion.

GALLAGHER and O'MARA FROSSARD, JJ., concur.