No. 3-02-0637

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

SHANE LANNING and MICHELLE HOUSTON,

Plaintiffs-Appellees,

v.

ANDREW HARRIS and CITY OF OTTAWA,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 13th Judicial Circuit LaSalle County, Illinois

No. 2001-LM-552

Honorable Robert L. Carter,

Judge, Presiding

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs, Shane Lanning and Michelle Houston, sued defendants after they were injured in an automobile  collision with defendant, Andrew Harris, who was leading officers on a high speed car chase.  Plaintiffs alleged that defendant, City of Ottawa (Ottawa), was negligent in its pursuit of Harris.  Ottawa filed a motion to dismiss, claiming that plaintiffs failed to allege the officers' conduct was willful and wanton as required by the Local Government and Governmental Employees Tort Immunity Act (745 ILCS 10/2-202 (West 2000)) (Tort Immunity Act).  The trial court denied the motion and, pursuant to Supreme Court Rule 308, certified the question for appeal. 

FACTS

During the morning hours of September 30, 2000, plaintiffs were traveling down Illinois Highway 23 near an intersection with Route 66 in Pontiac.  Harris was quickly approaching that intersection, attempting to elude LaSalle County deputies and Ottawa police officers.  Harris had stolen a car in DeKalb and was leading the officers on a three-county chase.  Harris lost control of the vehicle and struck the plaintiffs, causing them injury.

Plaintiffs sued Harris, LaSalle County and Ottawa.  In their complaint, plaintiffs alleged that Ottawa was negligent in its pursuit of Harris.  Ottawa filed a motion to dismiss claiming that plaintiffs failed to allege that the city's conduct was willful and wanton as required by the Tort Immunity Act.  Plaintiffs argued that the appropriate standard of care in police chases is ordinary negligence.  The trial court denied the motion, and, pursuant to Supreme Court Rule 308, certified the following question for appeal:

Whether the proper standard of care in a case involving potential tort liability for a municipality arising out of a high-speed chase by a municipal police officer is the standard of reasonable care as outlined by section 11-205(e) of the Illinois Vehicle Code (625 ILCS 5/11-205(e)[West 2002]) or the standard of willful and wanton misconduct as outlined by section 2-202 of the Local Government and Governmental Employees Tort Immunity Act (745 ILCS 10/2-202) [(West 2002)].

ANALYSIS

Since the issue on appeal concerns a question of law certified by the trial court pursuant to Supreme Court Rule 308 and because it presents a question of statutory interpretation, we review it 
de novo
.  
Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.
, 186 Ill. 2d 482, 480 (1999).

The Illinois Vehicle Code (Code) allows the driver of an authorized emergency vehicle to disregard some traffic laws when either responding to an emergency call or pursuing a known or suspected violator of the law.  625 ILCS 5/11-205 (West 2002).   The Code also states that "[t]his section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway."  625 ILCS 5/11-907(b) (West 2002). 

The Tort Immunity Act, on the other hand, states that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."  745 ILCS 10/2-202 (West 2002).  

Plaintiffs claim that these statutes overlap and that the vehicle code provides the appropriate standard of care for police chases.  Defendants argue that the Tort Immunity Act controls the standard of care for public employees involved in a police chase. 

Four appellate districts have reached this issue.   The majority agree with defendants' construction of the statutes.  See 
Sanders v. City of Chicago
, 306 Ill. App. 3d 356 (1st
 Dist. 1999); 
Carter v. DuPage County Sheriff
, 304 Ill. App. 3d 443 (2d Dist. 1999), and 
Young v. Forgas
, 308 Ill. App. 3d 553 (4th Dist. 1999).  Those courts analyzed the Code and the Tort Immunity Act and found no actual conflict between them.  Each statute "stands in its own sphere" and the immunities afforded by each serve different purposes.  
Carter
, 304 Ill. App. 3d at 450.  This line of reasoning holds that the Code's provision applies to drivers of all authorized emergency vehicles, while the Tort Immunity Act only protects public employees. 

The Fifth District, in 
Bradshaw v. City of Metropolis
, 293 Ill. App. 3d 389 (1997), concluded the statutes provided two different standards for the same conduct, but that ordinary negligence was the proper standard.  The court applied the rule of statutory construction which provides that when a general statute and a specific statute both apply to a case, the more specific statute governs.  It found the language of the Code more specific than the language of the Tort Immunity Act, and thus the standard in the Code controls.

We agree with the majority view that the statutes each address different actors under different circumstances.  We believe the legislature made a rational choice to grant broader immunity to a public employee engaged in the execution or enforcement of the law than to a private employee/driver.  See 
Carter
, 304 Ill. App. 3d at 450.  Thus, the statutes are not in conflict, and the Tort Immunity Act bars a cause of action against Ottawa based on alleged ordinary negligent conduct.

Plaintiffs argue that our decision in 
Bouhl v. Smith
, 130 Ill. App. 3d 1067 (1985), belies this result.  Although the 
Bouhl
 court determined that ordinary negligence was the applicable standard under the vehicle code, it did not consider the provisions of the Tort Immunity Act in its analysis and is not precedential.

CONCLUSION

The certified question is answered and the cause is remanded.

Certified question answered; cause remanded.

HOLDRIDGE, J., dissents, SLATER, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent.  As the court held in 
Bradshaw v. Metropolis
, 293 Ill. App. 3d 389, 393 (1997), both the Act and the Code apply in the factual situation at issue, yet these two statutory provisions are not in harmony.  As the 
Bradshaw
 court noted, "[b]oth the Act and the Code can apply to this factual situation since it involves a public entity and a police office engaged in the act of executing and enforcing law at the time of the occurrence."  
Bradshaw
, 293 Ill. App. 3d at 393.  In other words, both the Act and the Code address the standard of care applicable to police officers enforcing the law, by pursuing an actual or suspected violator of the law.  I simply cannot agree with the majority's conclusion that the Act and the Code apply "to different actors under different circumstances."

As I would find that the two statutes at issue are in conflict, in that both mandate a different duty of care upon the defendant, I would resort to general rules of statutory construction, as did the 
Bradshaw
 court.  Specifically, where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail.  
Bradshaw
, 293 Ill. App. 3d at 393, citing 
Cleaver v. Marrese
, 253 Ill. App. 3d 778, 780 (1993).  The Act is a general statute applying to all civil actions, while the Code is a specific statute containing express provisions establishing a particular duty and standard of care governing the operation of emergency vehicles, including police vehicles in pursuit of a lawbreaker.  
Bradshaw
, 293 Ill. App. 3d at 394-95

I would find no error in the judgment of the circuit court in denying defendants' motion t dismiss, and I would answer the certified question by finding that the Tort Immunity Act does not bar the plaintiffs' action.  I would, therefore, affirm the ruling of the trial court and remand the matter for further action.